UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROSENDO SANCHEZ, on behalf of himself and all other similarly situated,

            Plaintiff,

            v.

33RD RESTAURANT GROUP INC. d/b/a STATLER GRILL, JOSEPH LAVELLE, LEONARD PASSARELLI and VINCENT POLSINELLI,

            Defendants.

Index No.  15 CV 3605 (AKH)

**AFFIDAVIT OF ERIC RAPHAN IN SUPPORT OF SHEPPARD MULLIN'S MOTION TO WITHDRAW AS COUNSEL TO DEFENDANTS 33rd RESTAURANT GROUP INC. d/b/a STATLER GRILL AND VINCENT POLSINELLI**

---

**STATE OF NEW YORK**      )
                                   ) ss.:
**COUNTY OF NEW YORK**   )

       **ERIC RAPHAN,** being duly sworn, deposes and says:

       1.      I am an attorney admitted to practice in the State of New York and before this Court.  I am a Partner at the law firm Sheppard, Mullin, Richter & Hampton LLP ("Sheppard Mullin" or "Firm"), counsel to defendants 33rd Restaurant Group Inc. d/b/a Statler Grill and Vincent Polsinelli (collectively, "Defendants Statler Grill and Polsinelli"), in the above-captioned action.  I respectfully submit this Affidavit in support of Sheppard Mullin's motion to withdraw as counsel to Defendants Statler Grill and Polsinelli.  No prior application has been made for the relief sought herein.

2.      Unless otherwise indicated, I am fully familiar with the facts and circumstances set forth herein.  This Affidavit is based upon my and my Firm's personal knowledge and my review of relevant correspondence and documents.

3.      On or about July 5, 2015, Sheppard Mullin and the Defendants entered into an engagement and retainer agreement (the "Engagement Agreement").

4.      Pursuant to the Engagement Agreement, the Defendants agreed to pay Sheppard Mullin its fees, costs, and expenses incurred through the representation of the Defendants.

5.      With regard to the payment of Sheppard Mullin's fees, the Engagement Agreement provides, in Section 3, that "it is our policy to stop work on all matters we are handling for [Defendants Statler Grill and Polsinelli] if any amount invoiced to [Defendants Statler Grill and Polsinelli] is sixty (60) days or more past due."

6.      To date, and since at least October 9, 2015, Defendants Statler Grill and Polsinelli have failed to pay significant sums for the Firm's work.

7.      In March 2016, the parties reached a settlement of all claims asserted in this case (the "Settlement Agreement").  Pursuant to the Settlement Agreement, if Defendants Statler Grill and Polsinelli failed to make the payments set forth therein and did not timely cure their failure to make such payments, Plaintiffs may make a Motion for Judgment to enforce a Confession of Judgment that was signed by Polsinelli.  On March 25, 2016, the Court held a fairness hearing to review the Settlement Agreement.  On April 1, 2016, the Court approved the Settlement Agreement.  Pursuant to a letter motion that the Firm prepared for Defendants Statler Grill and Polsinelli's, the Court also ordered that the Settlement Agreement be sealed pending the resolution of other ongoing litigation against Defendants Statler Grill and Polsinelli. Sheppard Mullin continued to represent Defendants Statler Grill and Polsinelli through the entire

-3-

settlement negotiation and subsequent proceedings despite the fact that Defendants Statler Grill and Polsinelli had failed to pay the Firm legal fees since at least October 9, 2015.

8.       On July 7, 2016, Plaintiffs filed a letter motion to unseal the Settlement Agreement based on Defendants Statler Grill and Polsinelli's failure to make the payments required under the Settlement Agreement.  (*See* docket no. 28.)  On the same day, the Court granted Plaintiffs' letter motion (*See* docket no. 29.)  Also that day, the Firm advised Defendants Statler Grill and Polsinelli of Plaintiffs' letter motion and the Court's decision and of the Firm's intent to move to withdraw as counsel.

9.       On or about July 12, 2016, Plaintiffs filed a Motion for Judgment against Defendants Statler Grill and Polsinelli (*See* docket nos. 30-32.)  Also on July 12th, the Firm notified Defendants Statler Grill and Polsinelli of Plaintiffs Motion for Judgment and that it would be filing the instant motion to withdraw.

10.      Accordingly, based on Defendants Statler Grill and Polsinelli's nonpayment of Sheppard Mullin's invoice for legal services rendered, the Firm now moves to withdraw as counsel to the Defendants.

11.      There are currently no other scheduled trial dates or set deadlines pertaining to the Defendants and there is no operative scheduling order at this time.

12.      The undersigned further respectfully requests a stay of all proceedings in this action for a reasonable amount of time of at least sixty (60) days, following service of an Order granting the withdrawal of Sheppard Mullin as counsel to the Defendants Statler Grill and Polsinelli, to permit Defendants Statler Grill and Polsinelli time to secure other counsel.

13.     Sheppard Mullin does not plan to assert a charging lien pursuant to Local Civil Rule 1.4 of the Local Rules of the United States District Court for the Southern District of New York and N.Y. Judiciary Law § 475.

Dated: New York, New York
July 13, 2016

_____
Eric Raphan

Sworn to before me this 13th
day of July, 2016

_____
Notary Public

BRADLEY M. RANK
Notary Public, State of New York
No. 02RA6125713
Qualified in Queens County
Commission Expires April 25, 2017