UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROSENDO SANCHEZ, on behalf of himself and all other similarly situated,

        Plaintiff,

        v.

33RD RESTAURANT GROUP INC. d/b/a STATLER GRILL, JOSEPH LAVELLE, LEONARD PASSARELLI and VINCENT POLSINELLI,

        Defendants.

Index No.  15 CV 3605 (AKH)

**MEMORANDUM OF LAW IN SUPPORT OF SHEPPARD MULLIN'S
MOTION FOR LEAVE TO WITHDRAW AS COUNSEL TO DEFENDANTS 33rd
RESTAURANT GROUP INC. d/b/a STATLER GRILL AND VINCENT POLSINELLI**

Pursuant to Local Civil Rule 1.4 of the Local Rules of the United States District Court for the Southern District of New York, Sheppard, Mullin, Richter & Hampton LLP ("Sheppard Mullin" or "Firm") respectfully submits this Memorandum of Law, along with the Affidavit of Eric Raphan, Esq., sworn to on July 13, 2016 ("Raphan Affidavit"), in support of Sheppard Mullin's motion for leave to withdraw as counsel of record to defendants 33rd Restaurant Group Inc. d/b/a Statler Grill and Vincent Polsinelli in the above-captioned action.

## PRELIMINARY STATEMENT

As set forth below and in the Raphan Affidavit, Sheppard Mullin has established a sufficient basis for withdrawal as counsel to defendants 33rd Restaurant Group Inc. d/b/a Statler Grill ("Statler Grill") and Vincent Polsinelli ("Polsinelli") (collectively, "Defendants Statler Grill and Polsinelli") in this action.

Sheppard Mullin's withdrawal is warranted because Defendants Statler Grill and Polsinelli have failed to pay the Firm's outstanding attorneys' fees, costs, and expenses in accordance with their engagement agreement with the Firm, which is grounds for permissive withdrawal under Local Civil Rule 1.4 of the Local Rules of the United States District Court for the Southern District of New York ("Rule 1.4") and New York Disciplinary Rule 2-110(C)(1)(f). In addition, Sheppard Mullin's withdrawal will not unduly prejudice Defendants Statler Grill and Polsinelli or unduly delay the proceedings, as all claims underlying the action for which Sheppard Mullin was retained have been settled and any new counsel retained by Defendants Statler Grill and Polsinelli will be in an equally capable position as Sheppard Mullin to respond to plaintiffs' July 12, 2016 motion for judgment (the "Motion for Judgment").

## FACTUAL BACKGROUND

On or about July 5, 2015, Sheppard Mullin, Statler Grill, and Polsinelli entered into an engagement and retainer agreement (the "Engagement Agreement").  (Raphan Affidavit ¶ 3.)

Pursuant to this Engagement Agreement, Statler Grill and Polsinelli agreed to pay Sheppard Mullin its fees, costs, and expenses incurred through their representation. (*Id.*, ¶ 4.) The Engagement Agreement provides that "it is [the Firm's] policy to stop work on all matters we are handling for [Defendants Statler Grill and Polsinelli] if any amount invoiced to them is sixty (60) days or more past due." (*Id.*, ¶ 5.) To date, and since at least October 9, 2015, Defendants Statler Grill and Polsinelli have failed to pay significant sums for the Firm's work pursuant to the Engagement Agreement. (*Id.*, ¶ 6.)

In March 2016, Plaintiffs and Defendants Statler Grill and Polsinelli entered into an agreement to resolve all claims in this case (the "Settlement Agreement"). Pursuant to the Settlement Agreement, if Defendants Statler Grill and Polsinelli failed to make the payments set forth therein and did not timely cure their failure to make such payments, Plaintiffs may make a Motion for Judgment to enforce a Confession of Judgment that was signed by Polsinelli. On March 25, 2016, the Court reviewed the Settlement Agreement during a fairness hearing and, on April 1, 2016, issued an order approving the Settlement Agreement. Pursuant to a letter motion that the Firm prepared for Defendants Statler Grill and Polsinelli's, the Court also ordered that the Settlement Agreement be sealed pending the resolution of other ongoing litigation against Defendants Statler Grill and Polsinelli. Significantly, Sheppard Mullin continued to represent Defendants Statler Grill and Polsinelli through the entire settlement negotiation and subsequent proceedings despite the fact that Defendants Statler Grill and Polsinelli had failed to pay the Firm legal fees since at least October 9, 2015. (*See* Raphan Affidavit, ¶ 7.)

On July 7, 2016, Plaintiffs filed a letter motion to unseal the Settlement Agreement based on Defendants Statler Grill and Polsinelli's failure to make the payments required under the Settlement Agreement. (*See* docket no. 28.) On the same day, the Court granted Plaintiffs' letter

motion (*See* docket no. 29.)  Also that day, the Firm advised Defendants Statler Grill and Polsinelli of Plaintiffs' letter motion and the Court's decision and of the Firm's intent to move to withdraw as counsel.  (*See* Raphan Affidavit ¶ 8).

On July 12, 2016, Plaintiffs filed a Motion for Judgment against Defendants Statler Grill and Polsinelli (*See* docket nos. 30-32.)  That day, Statler Grill notified Defendants Statler Grill and Polsinelli of Plaintiffs' motion and that it would be filing the instant motion to withdraw today, July 13, 2016.  (*See* Raphan Affidavit ¶ 9.)

## ARGUMENT

Pursuant to Local Civil Rule 1.4 of the Local Rules of the United States District Court for the Southern District of New York, "an attorney who has appeared as attorney of record for a party may be relieved . . . by order of the Court . . . upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal . . . ."  In addition to the reasons for withdrawal, the Court must consider "the impact of the withdrawal on the timing of the proceeding," and "may also examine likely prejudice to the client." *See Winkfield v. Kirschenbaum & Phillips, P.C.*, No. 12 Civ. 7424 (JMF), 2013 WL 371673, at *1 (S.D.N.Y. Jan. 29, 2013).

Here, Sheppard Mullin's motion for leave to withdraw should be granted because Defendants Statler Grill and Polsinelli have failed to pay outstanding fees owed to Sheppard Mullin and Defendants Statler Grill and Polsinelli will not be prejudiced and the proceedings will not be significantly delayed by the Firm's withdrawal.

A. **Defendants Statler Grill and Polsinelli's Failure to Pay Sheppard Mullin's Legal Fees is a Satisfactory Basis for Withdrawal**

"[I]t is well-settled in the Eastern and Southern Districts of New York that nonpayment of legal fees is a valid basis for granting a motion to withdraw pursuant to Local Civil Rule 1.4." *See Police Officers for a Proper Promotional Process v. Port Auth. of New York and New*

*Jersey*, No. 11 Civ. 7478 (LTS) (JCF), 2012 WL 4841849, at *1 (S.D.N.Y. Oct. 10, 2012) (citation omitted) (finding sufficient grounds for withdrawal where clients were unable to pay accumulated balance, even if client appeared willing to eventually pay); *Centrifugal Force, Inc. v. SoftNet Commc'n, Inc.*, No. 08 Civ. 5463 (CM) (GWG), 2009 WL 969925, at *2 (S.D.N.Y. Apr. 6, 2009) ("Attorneys are not required to represent clients without remuneration, and the failure to pay invoices over an extended period is widely recognized as grounds for leave to withdraw."); *Team Obsolete Ltd. v. A.H.R.M.A. Ltd.*, 464 F. Supp. 2d 164, 166 (E.D.N.Y. 2006) ("It is well-settled as a general matter that a client's inability or refusal to pay can constitute a valid ground for withdrawal from representation" and "[c]ourts have long recognized that a client's continued refusal to pay legal fees constitutes a 'satisfactory reason' for withdrawal under Local Rule 1.4").

Further, New York's Code of Professional Responsibility, Disciplinary Rule 2-110(C)(1)(f) provides that "a lawyer may withdraw from representing a client if . . . the client . . . [d]eliberately disregards an agreement or obligation to the lawyer as to expenses and fees."  A client's "[c]ontinuing failure to overcome obstacles of financial hardship in order to satisfy [a payment] obligation may strengthen an inference of the client's lack of due regard for the obligation, thus more strongly supporting a finding of 'deliberate disregard.'"  *Stair v. Calhoun*, 722 F. Supp. 2d 258, 264 (E.D.N.Y. 2010) (finding that client "deliberately disregarded his obligation to pay his legal fees that are due and owing to counsel" following counsel's several unsuccessful attempts to collect such fees).

Here, in breach of the terms of the Engagement Agreement, and since at least October 9, 2015, Defendants Statler Grill and Polsinelli have failed to pay significant sums for the Firm's

work.  (*See* Raphan Affidavit, ¶¶ 4, 6.)   This repeated and deliberate failure to pay legal fees to Sheppard Mullin is satisfactory grounds to grant the Firm's motion to withdraw.

B.   **Withdrawal Will Not Prejudice Defendants Statler Grill and Polsinelli or Significantly Delay the Proceedings**

"Where … [a] case is not 'on the verge of trial readiness,'" prejudice based on counsel's withdrawal "is unlikely to be found."  *See Winkfield,* 2013 WL 371673, at *1 (citation omitted). Here, Sheppard Mullin represented Defendants Statler Grill and Polsinelli through the settlement of all claims in this case, despite the fact that Defendants Statler Grill and Polsinelli failed to pay the firm substantial sums owed since at least October 9, 2015 (*See* Raphan Affidavit ¶ 6, 7.). Accordingly, as Sheppard Mullin continued to represent Defendants Statler Grill and Polsinelli through settlement—despite the substantial amounts owed to the Firm—Defendants Statler Grill and Polsinelli will not be prejudiced by the Firm's withdrawal.  Further, because Plaintiffs' Motion for Judgment concerns an alleged breach of the Settlement Agreement and not the merits of the underlying Fair Labor Standards Act and New York Labor Law claims, any new counsel retained by Defendants Statler Grill and Polsinelli will not need to review substantial discovery to represent Defendants Statler Grill and Polsinelli in connection with Plaintiffs' Motion for Judgment;  rather, new counsel would be capable of immediately stepping in and competently representing Defendants Statler Grill and Polsinelli in these proceedings.

In addition, the Firm's withdrawal will not substantially delay this action.  If the Court were to grant Defendants Statler Grill and Polsinelli a brief 60-day extension of time to find new counsel to represent them in connection with Plaintiffs' Motion for Judgment, Defendants Statler Grill and Polsinelli's new counsel would have "ample time to familiarize himself with the entire record in the case" and respond to the Motion for Judgment.  *See Diarama Trading Co. v. J. Walter Thompson U.S.A., Inc.*, No. 01 CIV. 2950 (DAB), 2005 WL 1963945, at *2 (S.D.N.Y.

Aug. 15, 2005) (citing *Furlow v. City of New York*, No. 90 CIV. 3956 (PKL), 1993 WL 88260, at *2 (S.D.N.Y. Mar. 22, 1993) (holding that plaintiff would not be prejudiced by withdrawal of his counsel where resolution of the action would "not be delayed substantially by counsel's withdrawal at this juncture")); *Police Officers for a Proper Promotional Process v. Port Auth. of New York and New Jersey*, No. 11 Civ. 7478 (LTS) (JCF), 2012 WL 4841849, at *2 (S.D.N.Y. Oct. 10, 2012) (granting motion to withdraw based on client's failure to pay and granting a stay of sixty days for client to retain new counsel).

Accordingly, Defendants Statler Grill and Polsinelli will suffer no prejudice from the Firm's withdrawal, nor will the proceedings be substantially delayed.

### CONCLUSION

For the foregoing reasons, Sheppard Mullin respectfully requests that the Court: (1) grant its motion to withdraw as counsel of record for Defendants Statler Grill and Polsinelli; and (2) stay this action and reserve its decision on Plaintiffs' Motion for Judgment for a period of sixty days to allow Defendants Statler Grill and Polsinelli time to find new counsel and respond to the Motion for Judgment if they so choose.[1]

Dated: New York, New York  
July 13, 2016

Respectfully submitted,

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By: ___/s/ Eric Raphan___  
Eric Raphan (eraphan@sheppardmullin.com)  
Jon Stoler (jstoler@sheppardmullin.com)  
30 Rockefeller Plaza  
New York, New York 10112  
Telephone: (212) 653-8700  
Facsimile: (212) 655-1727

---

[1] To the extent the Court would like to discuss this motion with Sheppard Mullin, the Firm will make itself available at the Court's convenience.